UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARTER'S LOOP APARTMENTS, LLC,    *   NUMBER:
                                    *

         *Plaintiff*    * 

v.    *   DISTRICT JUDGE:
                                    *

MT. HAWLEY INSURANCE COMPANY,    *
                                    *   MAGISTRATE JUDGE:

        *Defendant*    *
                                    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") files this Notice of Removal of this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, the district in which the 21st Judicial District Court of Tangipahoa is located. By filing this Notice of Removal, Mt. Hawley preserves, and does not waive, its right to raise any and all rights, defenses, exceptions, objections, and demands in both state and federal court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Mt. Hawley respectfully shows this Court as follows:

## PLAINTIFFS' ALLEGATIONS

1. On August 28, 2023, Carter's Loop Apartments, LLC ("Plaintiff") commenced an action against Mt. Hawley in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, entitled *Carter's Loop Apartments, LLC vs. Mt. Hawley Insurance Company*, pending as Case No. 20230003217, Div. "A," (the "State Court Case"), a copy of which is attached hereto as Exhibit A, *in globo*.

2. Plaintiff's Petition for Damages ("Petition") contends that its property sustained damage covered under a policy of property insurance issued by Mt. Hawley. Ex. A, Petition at

¶¶ 5-10.  The Petition alleges that Mt. Hawley committed violations of Louisiana law by purportedly refusing to pay for covered damages under the insurance policy, and further alleges that Mt. Hawley is liable for statutory penalties under Louisiana Revised Statutes 22:1892 and 22:1973, and for attorney fees.  Ex. A, Petition at ¶¶ 22-30.

**TIMELINESS OF REMOVAL**

3.      Defendant Mt. Hawley was served with Plaintiff's Petition in the State Court Case via the Louisiana Secretary of State on October 3, 2023.  Accordingly, removal is timely because thirty (30) days have not elapsed since Mt. Hawley first received the Petition, as required by 28 U.S.C. § 1446(b).

**BASIS OF REMOVAL – DIVERSITY JURISDICTION**

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

**A.  The amount in controversy exceeds the minimum jurisdictional requirements.**

5.      The Notice of Removal may assert the amount in controversy where, as here, a case is removed from a state that does not permit a plaintiff to demand a specific sum of money. 28 U.S.C. § 1446(c)(2)(A)(ii).  In such a case, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 882-83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999)).

6.      The Petition contends that Plaintiff's eight insured properties sustained numerous damages under a policy of property insurance issued by Mt. Hawley, and that Mt. Hawley

committed violations of Louisiana law by purportedly failing to pay the amounts due under the insurance policy. Ex. A, Petition at ¶¶ 5-10, 14-17, 22. Plaintiff alleges an extensive "nonexclusive list of past, present, and future damages" for the eight properties, including: (a) damage to the buildings and other structures; (b) mitigation, remediation, and repair costs; (c) diminution in value; (d) lost and/or damaged personal property; (e) loss and damage due to delays and/or inability to make appropriate repairs; (f) additional business expenses; and (g) any and all other applicable damages covered under the policy's limits, including but not limited to demolition, debris removal, increased costs of construction. Ex. A, Petition at ¶ 32.  The Petition does not indicate the amount Plaintiff seeks to recover for those alleged damages to the properties.

7.    In addition, the Petition also alleges that Mt. Hawley is liable for statutory penalties under Louisiana Revised Statutes 22:1892 and 22:1973 and for attorneys fees. Ex. A, Petition at ¶¶ 26-30, 33.  Although Mt. Hawley denies that it acted in bad faith, claims for penalties and attorney fees are properly included when determining the jurisdictional amount. *See*, *e.g.*, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F. 3d 1250, 1253 (5th Cir. 1998) (noting that attorney fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law).  These claimed penalties and attorney fees further establish that the amount-in-controversy requirement has been satisfied.

8.    Moreover, absent a statute limiting recovery, "[l]itigants who want to prevent removal <u>must file</u> a binding stipulation or affidavit with their complaint" stating that the damages are not more than the minimum jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir.1995) (emphasis added).  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *De Aguilar*, 47 F. 3d at 1412 n.10.  No

binding stipulation or affidavit was filed with the Petition.  Nor does the Petition include an allegation that the damages sought are less than the jurisdictional minimum of this Court, which, if that representation were true, would be required by Louisiana Code of Civil Procedure article 893.[1]

9.    Mt. Hawley's counsel sent a letter to Plaintiff's counsel requesting that Plaintiff execute a binding stipulation pursuant to *DeAguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1995), agreeing that Plaintiff would seek less than and would not accept more than $75,000.00, excluding interests and costs, to avoid removal.  Plaintiff declined to do so, further confirming that the damages it is seeking in this lawsuit are in excess of $75,000.00.

10.    Accordingly, the facts in this matter show that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.    Therefore, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been satisfied.

**B.   There is complete diversity between Plaintiffs and Mt. Hawley.**

11.    Under the diversity statute, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of each of its constituent members. As set forth below, there is complete diversity between Plaintiff and Defendant.

12.    Plaintiff Carter's Loop Apartments, LLC is a limited liability company organized under the laws of the State of Louisiana.  Plaintiff's members are Henry Schwartze and Owen Faust, who are both individual domiciliaries and citizens of Louisiana. Thus, for purposes of

---

[1] Louisiana Code of Civil Procedure article 893 states in pertinent part that "[t]he prayer for relief [in any original, amended, or incidental demand] shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim . . . is less than the requisite amount is required."

determining diversity jurisdiction, Plaintiff is a citizen of the State of Louisiana, but not the State of Illinois.

13.     Defendant Mt. Hawley is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois.  Accordingly, Mt. Hawley is a citizen of the State of Illinois for purposes of determining diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

14.     For all of these reasons, complete diversity exists in this case and removal is proper because Plaintiff is a citizen of the State of Louisiana, and Mt. Hawley is a citizen of the State of Illinois.

### REMOVAL PROCEDURE

15.     A copy of this Notice of Removal and a notice of the filing thereof will be filed in the State Court Case.  A copy of this Notice of Removal will also be served on Plaintiff.

16.     A copy of this Notice of Removal is being served upon all know counsel of record in accordance with 28 U.S.C. § 1446(d).

17.     In accordance with 28 U.S.C. § 1446(d), a copy of the Notice to the Clerk of Court for the 21st Judicial Civil District Court for the Parish of Tangipahoa, State of Louisiana, which has been filed in that court, is attached hereto as Exhibit B.

18.     The listing required pursuant to 28 U.S.C. § 1447(b) is filed herewith as Exhibit C.

19.     In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A is a true and complete certified copy of the record in *Carter's Loop Apartments, LLC vs. Mt. Hawley Insurance Company*, pending as Case No. 20230003217, Div. "A."

20.     Mt. Hawley has filed contemporaneously herewith a civil cover sheet.

5

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that the above-described action now pending in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed to this Court, and that the Court grant it such further relief to which it has shown itself entitled.

Respectfully submitted,

*/s/ Julie S. Meaders*

Seth A. Schmeeckle (T.A.), La. Bar No. 27076
Julie S. Meaders, La. Bar No. 39984
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, 27th Floor
New Orleans, LA 70130
T: (504) 568-1990
F: (504) 310-9195
sschmeeckle@lawla.com
jmeaders@lawla.com

**Attorneys for Defendant,**
**Mt. Hawley Insurance Company**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 2nd day of November 2023.

*/s/ Julie S. Meaders*

Julie S. Meaders

6